**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 7, 2011

Lyle W. Cayce
Clerk

No. 11-40308
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID MARES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-1100-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

David Mares appeals the upward variance imposed by the district court following his guilty plea conviction for harboring and concealing a escapee in violation of 18 U.S.C. § 1072. Mares argues that the district court erred in finding that he assisted in the escape, disregarded the advisory guidelines range, and provided insufficient justification for the unusually harsh sentence. Because Mares did not object to the reasonableness of the sentence in the district court, review is limited to plain error. *See United States v. Peltier*, 505 F.3d 389, 392

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 2007); *see also Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009).[1]

Mares has not shown that the upward variance was substantively unreasonable. The district court considered the parties' arguments, Mares's statement, the Presentence Report, and the advisory guidelines range, as well as the serious nature of Mares's crime[2] and the escapee's drug trafficking and money laundering crimes, the public's efforts in prosecuting these crimes, the high likelihood that Mares assisted in the escape, Mares's false statements to investigators and lack of remorse, and the fact that a lesser sentence would encourage others to help inmates escape. The district court's statements justified the upward variance and reflect that it considered the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of Mares, and the need to protect the public, to deter future criminal conduct, and to promote respect for the law. *See United States v. Smith*, 440 F.3d 704, 707-10 (5th Cir. 2006); *see also United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). Further, the extent of the variance was not excessive under the circumstances. The 18-month sentence was 12 months greater than the top of Mares's guidelines range and did not exceed the three-year statutory maximum sentence for his offense. *See* 18 U.S.C. § 1072. We have affirmed similar and more substantial departures. *See, e.g., United States v. Brantley*, 537 F.3d 347, 349-50 (5th Cir. 2008) (upholding an upward departure or variance to 180 months from the top of the advisory guidelines range of 51 months); *United States v. Lopez-Velasquez*, 526 F.3d 804,

---

[1]   Mares's plea agreement included an appeal waiver. However, because the Government has not sought to enforce the waiver, the waiver does not preclude Mares's appeal. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

[2]   The district court carefully considered the evidence that linked Mares to the original escape and invited comment and citation to evidence by counsel on this point. We find no reversible error in the district court's consideration of this issue.

No. 11-40308

806-07 (5th Cir. 2008) (upholding upward variance to 72 months from 30-month guidelines maximum).

AFFIRMED.